IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**JEREMY L. KISER,**

      Petitioner,

v.                                                           Case No. 2:22-cv-00115

**RONNIE THOMPSON, Superintendent
of the South Central Regional Jail
and Correctional Facility,**

      Respondent.

**MEMORANDUM OPINION AND ORDER**

Pending are various motions filed by Petitioner. (ECF Nos. 6, 11, 13, 14, 18, 19, 23, 25, 26, 27, 30, 31). The Court **ORDERS** as follows:

1. Petitioner's Motion to Stay Trial and Issue Writ, (**ECF No. 6**), is **DENIED** as moot. According to court orders supplied by the State of West Virginia—of which this Court takes judicial notice—Petitioner had pleaded guilty and been sentenced on the state charges pending against him. (ECF Nos. 32-6, 32-7).

2. Petitioner's Motions to be Transferred to Another Jail, (**ECF Nos. 11, 27, 31**), are **DENIED**. State prison officials have the discretion on where to house state inmates. "The federal courts do not sit to supervise state prisons, the administration of which is acute interest to the States." *See Meachum v. Fano,* 427 U.S. 215, 229 (1976) (citations omitted). Moreover, Petitioner is advised that this case is a habeas proceeding, not a civil rights action. If Petitioner wishes to assert claims pertaining to his conditions of confinement, he must file a separate complaint pursuant to 42 U.S.C. § 1983, as claims

related to the conditions of confinement generally are not cognizable in a habeas proceeding.[1] *See Preiser v. Rodriguez,* 411 U.S. 475, 498–99 (1973).

3. Petitioner's Motion to Order Attorney Rick Holroyd and the Montgomery County General Sessions Court to provide documents, (**ECF No. 13**), and Motion to Order the Release of Records from Montgomery County, TN Court, (**ECF No. 19**), are **DENIED** for several reasons. First, Petitioner has not been authorized to conduct discovery. *See* Rule 6(a), Rules Governing Section 2254 Cases in the United States District Courts. Second, Petitioner provides no basis for the Court to order the production of records. *See* Rule 6(b), Rules Governing Section 2254 Cases in the United States District Courts. Petitioner provides no explanation for the purpose of collecting these records and fails to demonstrate that they are being withheld from him. Third, the Court does not perform investigation or discovery for litigants. Consequently, there is no apparent justification for the issuance of such an order.

4. Petitioner's Motion to Order the State of West Virginia to turn over Psychological Evaluations, (**ECF No. 14**), is **DENIED** as premature. Petitioner's habeas petition sought an Order from this Court declaring that the State of West Virginia was violating the prohibition against double jeopardy by indicting and detaining him on an charge of automobile theft. Petitioner's psychological state has no relevance to that claim. Since initiating this action, Petitioner has pled guilty to the state charge and is now serving a sentence. If Petitioner intends to challenge the validity of his state conviction and sentence based on his psychological state, he must first exhaust his state court remedies.

---

[1] In fact, Petitioner has filed a complaint under § 1983, styled *Kiser v. West Virginia Division of Corrections and Rehabilitation,* Case No. 2:22-cv-00026 (S.D.W. Va. Jan. 12, 2022). Petitioner is advised that his claims concerning the conditions of his confinement, as well as any related motions, should be filed in that civil action—and not in this habeas proceeding.

Petitioner has not filed an appeal or otherwise exhausted his available remedies. (ECF No. 32 at 2-3). As such, evidence related to such a claim is premature in this Court.

5. Petitioner's Motions for Immediate Medical Evaluation and Medication, (**ECF Nos. 18, 23**), are **DENIED**. Petitioner claims that he was "choked throttled" while in the custody of the West Virginia Division of Corrections and Rehabilitation ("DCR"). He seeks a medical evaluation of his neck and vertebrae. He also requests the Court to order the DCR to pay for his HIV medication and to arrange a consultation with an infectious disease specialist at Charleston Area Medical Center. Once again, Petitioner misunderstands the role of the federal court. As previously stated, the federal court is not authorized to micromanage West Virginia's correctional facilities. *Meachum,* 427 U.S. at 229. In order to obtain judicial review of prison conditions, a state prisoner must take certain steps. To begin, the prisoner must exhaust available state remedies. This requires him to file a grievance and complete the administrative appeal process. If the prisoner is unsuccessful in the administrative process, he may file a civil rights complaint under 42 U.S.C. § 1983. This particular action involves a petition for a writ of habeas corpus, not a civil rights complaint. A petition for a writ of habeas corpus challenges the fact or duration of a sentence, not the prison conditions. Accordingly, even if Petitioner has exhausted his state remedies, this particular civil action is not the correct avenue for Petitioner to pursue his complaints related to medical care. *Preiser,* 411 U.S. at, 498–99. Instead, he must pursue them in his pending civil rights action (Case No. 2:22-cv-00026), or in a similar action.

6. Petitioner's Motion to Enter Evidence, (**ECF No. 25**), is **DENIED**. Petitioner asks the Court to enter on the record court documents from Tennessee. Petitioner did not supply the documents, and the Court does not have access to them. In any event,

Petitioner does not need a court order to submit evidence. Petitioner simply files evidence with the Clerk of Court.

7. Petitioner's Motions for the Appointment of Counsel, (**ECF Nos. 26, 30**), are **DENIED**. Petitioner has no constitutional right to counsel in this case. The Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A, authorizes United States District Courts to appoint counsel to represent financially eligible individuals in habeas actions brought pursuant to 28 U.S.C. § 2254, "whenever the United States magistrate judge or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). This standard is similar to the one applied in determining whether to appoint counsel in civil actions governed by 28 U.S.C. § 1915(e)(1), which states that the appointment of counsel rests within the sound discretion of the court. Whether counsel should be appointed depends upon several factors, including (1) the type and complexity of the case; (2) the ability of the litigant to adequately investigate and present his claim; (3) the likelihood of success on the merits of the application; and (4) the apparent need for an evidentiary hearing in order to resolve the case. *See, e.g. Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984) (abrogated on other grounds by *Mallard v. United States Dist. Court*, 490 U.S. 296 (1989)) (holding that the appointment of counsel is discretionary, "but it is an abuse of discretion to decline to appoint counsel where the case of an indigent plaintiff presents exceptional circumstances."); *Hoggard v. Purkett,* 29 F.3d 469, 471 (8th Cir. 1994) (holding that "[t]he appointment of counsel is discretionary when no evidentiary hearing is necessary."); and *Brown v. Virginia*, No. 1:10CV162 JCC/IDD, 2011 WL 1897432, at *10 (E.D. Va. May 18, 2011) ("Rule 6(a) of the Rules Governing § 2254 Cases in the United States District Courts provides that a court may appoint counsel if it is "necessary for effective utilization of discovery procedures," and Rule 8(c) mandates that counsel be

appointed only "[i]f an evidentiary hearing is required."). Having reviewed the filing made by Petitioner to date, he appears capable of presenting his arguments at this stage of the proceedings. Moreover, the likelihood of success and the need for an evidentiary hearing are not apparent at this time. Therefore, the appointment of counsel is not appropriate at this time. However, should circumstances change, Petitioner may renew his request for counsel.

The Clerk is directed to provide a copy of this Order to Petitioner and counsel of record.

**ENTERED:** May 11, 2022

Cheryl A. Eifert
United States Magistrate Judge