IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**JEREMY L. KISER,**

        **Petitioner,**

v.                                          **Case No.: 2:22-cv-00115**

**RONNIE THOMPSON,**

        **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the court are Petitioner's Petition for a Writ of Habeas Corpus, (ECF No. 1), and Respondent's Answer. (ECF No. 32). This case is assigned to the Honorable Joseph R. Goodwin, United States District Judge, and by standing order is referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). After thorough consideration of the record, the undersigned **RECOMMENDS** that the presiding District Judge **DENY** Petitioner's Petition for a Writ of Habeas Corpus, (ECF No. 1), **DISMISS** the case, without prejudice, and **REMOVE** it from the docket of the Court.

**I.**     **Facts and Procedural History**

In late 2019 or early 2020, Petitioner Jeremy L. Kiser ("Kiser") took a 2011 Jeep Wrangler (the "Jeep") for a test drive from Joe Holland Chevrolet in Kanawha County, West Virginia. (ECF No. 1 at 5; ECF No. 2 at 7; ECF No. 32-1 at 4). Instead of returning the vehicle to the dealership, Kiser drove to Clarksville, Tennessee. (ECF No. 2 at 1).

On January 6, 2020, Kiser was arrested in Tennessee after a law enforcement officer determined that the Jeep was stolen. (ECF No. 32-2). The following day, Kiser was charged in a criminal complaint with theft of a vehicle in violation of Tennessee Code § 39-14-103. (*Id.*). On January 21, 2020, Kiser was found guilty in the General Sessions Court of Montgomery County, Tennessee of the offense of joyriding, in violation of Tennessee Code § 39-14-106. (ECF No. 32-3). He was sentenced to twelve days in jail and released, as he had already served his time. (*Id.*).

On February 28, 2020, Kiser was named in a multi-count indictment in the Circuit Court of Kanawha County, West Virginia ("Circuit Court"), assigned Case No. 20-F-108. (ECF No. 32-1). Kiser was charged with possessing and stealing a 2018 Toyota RAV4; shoplifting; stealing the Jeep; stealing an LG smart phone and Samsung S10 Note tablet; and possessing a Dodge Dakota that he knew was stolen. (*Id*). The charge of stealing the Jeep forms the basis of the habeas petition filed herein. According to the court docket of Case No. 20-F-108, Kiser received psychiatric evaluations and treatment and was found competent to proceed in January 2022.

On February 16, 2022, Kiser filed a *pro se* petition for habeas relief with the Supreme Court of Appeals of West Virginia ("WVSC"). (ECF No. 32-14). While the petition appears to involve Case No. 20-cv-108, it is not directly relevant to this case, because the state petition does not assert a double jeopardy violation.[1] On March 7, 2022, the WVSC refused to docket the habeas petition on the ground that it did not

---

[1] To complicate matters, Kiser apparently has or has had multiple criminal actions filed against him by the State of West Virginia. In addition, he has initiated a number of habeas and civil rights actions in this Court. *See Kiser v. Capt. Dave Adkins,* Case No. 2:09-cv-00025; *Kiser v. United States,* Case No. 2:10-cv-01150 *Kiser v. W.V. Regional Jail Authority,* Case No. 2:17-cv-03927; *Kiser v. W.V. Dept. of Corrections,* Case No. 2:21-cv-00334; *Kiser v. West Virginia Division of Corrections,* Case No. 2:22-cv-00026.

comply with the court's rules regarding the docketing of original jurisdiction actions. (ECF No. 32-15).

On March 7, 2022, a Kanawha County Assistant Prosecutor offered Kiser, through his attorney, a plea agreement in Case No. 20-F-108, which required Kiser to enter guilty pleas to two counts of the indictment, including grand larceny of the Toyota RAV4 and grand larceny of the Jeep, in exchange for dismissal of the remaining charges against him. (ECF No. 32-4). Kiser accepted the plea offer on March 10, 2022 and formally entered a written plea of guilty to the two charges on March 14, 2022. (ECF No. 32-4). Accepting Kiser's guilty pleas, the Circuit Court convicted Kiser of two counts of grand larceny in violation of West Virginia law and dismissed the remaining five counts against him. (ECF No. 32-5 at 4; ECF No. 32-6). On March 23, 2022, Kiser was sentenced to two terms of one to ten years' imprisonment, with the sentences to run consecutively. (ECF No. 32-7). On the same day, he filed in the Circuit Court a *pro se* Motion to Vacate his conviction on the grand larceny charge related to stealing the Jeep, arguing that the conviction was "double jeopardy" since he pled guilty and served a sentence in Tennessee on a related charge. Kiser further claimed that the State of West Virginia lacked jurisdiction over the grand larceny charge, because he drove the Jeep across state lines; thereby, investing jurisdiction in federal court. (ECF No. 32-8).

On March 4, 2022—less than one week **before** Kiser accepted the plea offer— he filed the instant petition for a writ of habeas corpus in this Court. (ECF No. 1). Kiser did not pay the filing fee or submit a completed Application to Proceed Without Prepayment of Fees and Costs, so the Clerk sent him a Notice of Failure to Remit Filing Fee. (ECF No. 3). Kiser provided the Court with a completed application on March 24, 2022, and the Respondent was ordered to show cause why the relief sought should not

3

be granted. (ECF No. 10). By this time, Kiser had been convicted and sentenced for stealing the Jeep.

On April 11, 2022, Kiser renewed his request with the Circuit Court to vacate his sentence. (ECF No. 32-9). On April 20, 2022, counsel for Respondent wrote to the WVSC requesting all records pertaining to Kiser. (ECF No. 32-12). The Clerk of the WVSC responded on April 26, 2022, identifying two proceedings involving Kiser. (ECF No. 32-13). One of those proceedings was unrelated to his conviction and sentence in Case No. 20-F-108, and the other was the original jurisdiction petition that the WVSC refused to docket. (*Id.*). Accordingly, the WVSC record shows that Kiser has not appealed the conviction or sentence that forms the basis of his habeas petition in this case. Moreover, the court docket in Case No. 20-cv-108 reflects that no appeal and no state habeas action has been filed challenging his conviction or sentence, although Kiser recently filed various *pro se* motions in Case No. 20-F-108.

## II.   Habeas Petition and Response

In the petition, Kiser challenges his grand larceny conviction in Case No. 20-F-108 for stealing the Jeep on the basis that the conviction constitutes double jeopardy. (ECF No. 1; ECF No. 2 at 1). Kiser admits that he stole the vehicle, but contends that he served time for the crime in Tennessee and also reached a payment arrangement as part of his plea. (ECF No. 1 at 5). He claims that West Virginia refused to charge him in the "allotted time," but then indicted him one year later. (*Id.*). Kiser further alleges that the State of West Virginia had "no right playing 'the fed' and trying to charge interstate commerce." (ECF No. 2 at 1). He asserts that he should have been charged with a federal crime in this district, rather than a state crime in Kanawha County. Lastly, he complains of various civil rights violations he has allegedly suffered while

4

incarcerated. (*Id.* at 1-7).

In response, Respondent argues that the petition should be denied for a number of reasons. (ECF No. 32). First, Respondent states that Kiser has not exhausted his state court remedies. (*Id.* at 5-6). Respondent points out that a federal court is precluded from considering a habeas claim that has not been presented to the highest court in the state. Second, Respondent contends that, even if it were exhausted, Kiser's double jeopardy claim has no merit. (*Id.* at 7-8). Respondent discusses the doctrine of dual sovereignty, noting that Tennessee and West Virginia are separate sovereigns and, thus, they do not offend double jeopardy protections by instituting successive prosecutions for the same course of conduct. Next, Respondent disputes Kiser's contention that his crime should have been prosecuted in federal court, rather than state court, noting that both West Virginia and the United States were offended by Kiser's theft and either or both could pursue a criminal charge against him. (ECF No. 32 at 8-10). Finally, Respondent asserts that Kiser's various civil rights claims are not cognizable in a habeas proceeding and should be pursued in a civil rights action. (*Id.* at 10-12). Of note, Kiser currently has a civil rights action pending in this court, styled *Kiser v. West Virginia Division of Corrections,* Case No. 2:22-cv-00026, in which he asserts some of the conditions of confinement claims he attempts to allege in this habeas proceeding.

Kiser was given an opportunity to reply to Respondent's request for denial of the habeas petition, and he did so on May 23, 2022. (ECF No. 35). In his memorandum, Kiser asks the court to convert his habeas petition, which he brought under 28 U.S.C. § 2241, to a petition under § 2254. (*Id.* at 1). Kiser vehemently disagrees with Respondent's contention that both Tennessee and West Virginia can charge him for

5

the same crime. He claims that West Virginia indicated that it would extradite him from Tennessee, but did not do so. Therefore, West Virginia lacked jurisdiction over the matter when it indicted him. He surmises that West Virginia's delayed decision to charge him was in retaliation for a civil rights lawsuit he filed against state actors. He refutes the argument regarding exhaustion, indicating that his grievances were denied and his "state habeas corpus cancels that." (*Id.* at 2).

### III. <u>Standard of Review</u>

As both parties acknowledge, even though Kiser uses a form petition under 28 U.S.C. § 2241, his habeas petition is more properly brought under § 2254. Generally, a petition filed under § 2254 attacks the validity of a state conviction or sentence, *In re Wright*, 826 F.3d 774, 779 (4th Cir. 2016), while a petition under § 2241 challenges the execution of a federal sentence. *United States v. Little*, 392 F.3d 671, 679 (4th Cir. 2004) (citing *In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997)). The Fourth Circuit has recognized that "regardless of how they are styled, federal habeas petitions of prisoners who are in custody pursuant to the judgment of a State court should be treated as applications under section 2254 for purposes of § 2244(b), even if they challenge the execution of a state sentence." *In re Wright*, 826 F.3d at 779 (internal quotations omitted).

Title 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, authorizes a federal district court to entertain a petition for habeas corpus relief from a prisoner in state custody, "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). When determining the merits of a § 2254 petition, the district court applies the standard set forth in § 2254(d), which

6

provides that the habeas petition of a person in State custody "shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim" is:

> (1) contrary to, or involves an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d)(1)–(2). Moreover, the factual determinations made by the state court are presumed to be correct and are only rebutted upon presentation of clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1). Thus, when reviewing a petition for habeas relief, the federal court uses a "highly deferential lens." *DeCastro v. Branker*, 642 F.3d 442, 449 (4th Cir. 2011).

A claim is generally considered to have been "adjudicated on the merits" when it is "substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree." *Thomas v. Davis*, 192 F.3d 445, 455 (4th Cir. 1999). The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have separate and independent meanings. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). A state court decision warrants habeas relief under the "contrary to" clause "if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to the Supreme Court's." *Lewis v. Wheeler*, 609 F.3d 291, 300 (4th Cir. 2010) (quoting *Williams*, 529 U.S. at 405) (internal quotations omitted). The district court may grant a habeas writ under the "unreasonable application" clause if the state court "identifies the correct governing

legal rule from the [Supreme] Court's cases but unreasonably applies it to the facts of the particular case." *Id.* at 300–01 (internal marks omitted). Accordingly, the AEDPA limits the federal habeas court's scope of review to the reasonableness, rather than the correctness, of the state court's decision. A federal court may not issue a writ under this standard "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams*, 529 U.S. at 365.

IV. <u>Discussion</u>

*A. Exhaustion of state court remedies*

Before a state prisoner can bring a § 2254 petition in federal court, the prisoner must have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "The rule of exhaustion in federal habeas corpus actions is rooted in considerations of federal-state comity." *Preiser v. Rodriguez*, 411 U.S. 475, 491, (1973). In order to comply with the exhaustion requirement, a petitioner must have offered the state an adequate "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal quotation omitted). While it is unnecessary to cite "book and verse on the federal constitution," the petitioner must first present the "substance of a federal habeas corpus claim" to the state courts. *Picard v. Connor*, 404 U.S. 270, 277-78 (1971). Thus, "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (internal citations omitted). In West Virginia, exhaustion is accomplished in one of three ways: by (1) presenting the federal constitutional issues directly to the

WVSC through an appeal of the conviction or sentence; (2) filing a petition for a writ of habeas corpus in the appropriate circuit court followed by an appeal of the judgment to the WVSC, if the result is adverse; or (3) filing a petition for a writ of habeas corpus under the WVSC's original jurisdiction and receiving a dismissal with prejudice. *Moore v. Kirby*, 879 F. Supp. 592, 593 (S.D.W. Va. 1995); *see also McDaniel v. Holland*, 631 F. Supp. 1544, 1545-46 (S.D.W. Va. 1986); *and Gardner v. Plumley*, No. 2:12-cv-03386, 2013 WL 5999041, at *5 (S.D.W. Va. Nov. 12, 2013).

In this case, the undersigned **FINDS** that, at the time Kiser filed his federal habeas petition, the claims raised in the petition had not been exhausted. Indeed, because he filed his habeas petition ***before*** there was a conviction and sentence in Case No. 20-F-108, it was impossible for him to have exhausted his state court remedies. To date, Kiser has not taken any steps to challenge the relevant conviction or sentence on appeal or in a state habeas proceeding, and it is unequivocal that those remedies have not been exhausted. Until Kiser exhausts his state remedies regarding the claims that he seeks to raise under § 2254, his petition is premature in this court.

In general, a district court may not review a federal habeas petition unless there has been "total exhaustion" by the state courts of the presenting claims. *Rose v. Lundy*, 455 U.S. 509, 522 (1982). Therefore, when a petitioner fails to exhaust state court remedies, his federal habeas petition typically is dismissed. *See Preiser,* 411 U.S. at 477. The Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which governs state prisoners' ability to raise claims in federal habeas review, contains a one-year statute of limitations within which a state prisoner may file a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1). The one-year limitation period begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id*. Section 2244(d)(2) clarifies that the running of the one-year period is suspended for any time that a "properly filed" state post-conviction proceeding "is pending." *Id*. § 2244(d)(2). The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") has construed a state post-conviction proceeding to include all state court proceedings "from initial filing [in the trial court] to final disposition by the highest state court." *Taylor v. Lee,* 186 F.3d 557, 561 (4th Cir. 1999). Upon final disposition of the state post-conviction proceeding, "the running of the § 2244(d) one-year period resumes." *Harris v. Hutchinson*, 209 F.3d 325, 327 (4th Cir. 2000).

      Kiser was sentenced on March 23, 2022. (ECF No. 32-7). He has four months under state law to perfect an appeal in the WVSC. *See* Rule 5, West Virginia Rules of Appellate Procedure. While it is true that Kiser should have filed an Notice of Appeal within thirty days after entry of the judgment, he can request an extension from the WVSC. *See Id.,* Rule 39(b). Because Kiser's time to appeal the relevant conviction and sentence has not expired, his judgment is not final, and the AEDPA limitation period is not running. In summary, Kiser still has ample time to exhaust his state court

remedies and must do so before he resorts to this court. Accordingly, the undersigned **FINDS** that Kiser's petition should be dismissed due to his failure to exhaust his claims in state court. Because the lack of exhaustion is so clear in this case, the undersigned declines to address the merits of Kiser's double jeopardy claim and supporting arguments.

### *B. Claims that are not cognizable in this habeas proceeding*

A petition for a writ of habeas corpus is the mechanism by which a prisoner disputes the "fact or duration" of his confinement. *Preiser v. Rodriguez,* 411 U.S. 475, 498–99 (1973). When a prisoner attempts only to alter the conditions of his confinement, rather than the duration of his sentence, the appropriate vehicle is a civil rights action. *Preiser,* 411 U.S. at 494, 498–99; *also Wilborn v. Mansukhani,* 795 Fed. Appx. 157, 164 (4th Cir. 2019) (agreeing with the majority of circuits that have addressed whether conditions of confinement claims can be brought in a habeas proceeding and have decided that they cannot.). Kiser complains of "civil rights violations," including lack of medical care, religious discrimination, disruption in mail delivery, excessive force, and other Eighth Amendment violations. (ECF No. 2). Such claims do not challenge the fact or duration of his sentence, nor the validity of his conviction. Accordingly, the undersigned **FINDS** that Kiser's conditions of confinement claims fail to state cognizable grounds for habeas relief and should be dismissed. *See Hallinan v. Scarantino,* 466 F. Supp. 3d. 587, 602 (E.D.N.C. 2020) (holding that inmates seeking release from confinement due to prison conditions do not state habeas claims, because complaints related to the conditions of confinement do not challenge the *validity* of confinement.); *Toure v. Hott,* 458 F. Supp. 3d 387, 398-88 (E.D. Va. 2020) (examining the split among circuits and holding that claims

which challenge the conditions of confinement fall outside the "core" of habeas proceedings); *Crooker v. Stewart*, No. CIV.A. ELH-14-1972, 2015 WL 1210209, at *3 (D. Md. Mar. 13, 2015) (acknowledging the circuit split, but noting that "the Fourth Circuit has said that where a petitioner does not assert entitlement to release, the claim is properly treated as a suit under 42 U.S.C. § 1983, or in the case of a federal inmate, a *Bivens* claim.") (citing as an example, *Braddy v. Wilson,* 580 Fed. Appx. 172 (4th Cir. 2014)).

## V.   Proposal and Recommendations

For the foregoing reasons, the undersigned respectfully **PROPOSES** that the presiding District Judge confirm and accept the findings set forth above and **RECOMMENDS** that Kiser's Petition for a Writ of Habeas Corpus be **DENIED**, and this action be **DISMISSED, without prejudice**, and **REMOVED** from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, The parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection.

Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute

a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Goodwin, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and counsel of record.

**FILED:** June 13, 2020

_____
Cheryl A. Eifert
United States Magistrate Judge