IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JEREMY L. KISER,

            Petitioner,

v.                                        CIVIL ACTION NO.   2:22-cv-00115

STATE OF WEST VIRGINIA,

            Defendant.

### ORDER

This action was referred to the Honorable Cheryl Eifert for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636. On June 13, 2022, Judge Eifert submitted her Proposed Findings & Recommendation [ECF No. 48] (PF&R) recommending that the court **DENY** Petitioner's Petition for a Writ of Habeas Corpus [ECF No. 1], **DISMISS** the case **without prejudice**, and **REMOVE** it from the docket of the Court. Petitioner has filed several purported objections and motions requesting counsel and other relief. [ECF Nos. 49–59].

A district court "shall make a de novo determination of those *portions* of the report or *specified* proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C) (emphasis added); *see* Fed. R. Civ. P. 72(b)(3). Failure to file *specific* objections pursuant to 28 U.S.C. § 636(b)(1)(C) . . . may be construed by any reviewing court as a waiver of such objection." *Veney v. Astrue*, 539 F. Supp. 2d 841,

845 (W.D. Va. 2008); *see United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007) ("[T]o preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection."). General objections do not meet the requirements set forth in 28 U.S.C. § 636(b)(1)(C) or Rule 72(b), and, therefore, constitute a waiver of de novo review. *See Howard's Yellow Cabs, Inc. v. United States*, 987 F. Supp. 469, 474 (W.D. N.C. 1997).

      The PF&R submitted by Judge Eifert gave notice to the parties that they had a total of seventeen days from the filing of the PF&R "within which to file with the Clerk of this Court, specific written objections, identifying the portions of the [PF&R] to which objection is made, and the basis of such objection." PF&R 12. Despite this guidance, Petitioner's various filings make no specific objections. Rather than addressing Judge Eifert's finding that Petitioner has not exhausted his state remedies, and therefore cannot bring a claim under 28 U.S.C. § 2254, Petitioner appears to only reassert some of his arguments on the merits of his 2254. The court finds that Petitioner's filings do not constitute specific objections to the PF&R. Therefore, the court **FINDS** that a de novo review of the PF&R is not required. Even if Petitioner's filings were objections, the court has reviewed the relevant facts de novo and determined that Petitioner has not exhausted his state remedies. The court accepts and incorporates herein the PF&R and orders judgment consistent therewith. The court **DENIES** Petitioner's Petition for a Writ of Habeas Corpus [ECF No. 1], **DISMISSES** the case **without prejudice**, and **REMOVES** it from the docket of the

Court. Petitioner's remaining motions are **DENIED**. [ECF Nos. 50, 53, 54, 55, 57, 58, 59].

The court has additionally considered whether to grant a certificate of appealability. *See* 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance. Accordingly, the court **DENIES** a certificate of appealability.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: July 6, 2022

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE